```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGINA YEARBY,

                        Plaintiff,

        -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                        Defendant.
----------------------------------------------------------------X
```

FILED
CLERK
5/22/2019 3:08 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

For Online Publication Only

**ORDER**
17-CV-01042 (JMA)

**APPEARANCES**

    Jeffrey D. Delott
    Law Offices of Jeffrey Delott
    366 North Broadway
    Suite 410
    Jericho, NY 11753
    *Attorney for Plaintiff*

    Dara A. Olds
    United States Attorney's Office, EDNY
    271 Cadman Plaza East
    Brooklyn, NY 11201
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Plaintiff seeks attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). For the foregoing reasons, plaintiff is entitled to $8,262.40 in attorney's fees, and $383.95 for electronic research fees.

The EAJA provides for an award of "reasonable" fees and expenses to a prevailing party in proceedings for judicial review of an agency action. 28 U.S.C. § 2412(d). Plaintiff's contemporaneous attorney time records outline a total of 86.9 hours worked on the federal appeal of her denial of disability insurance benefits under the Social Security Act. (See Delott Decl., ECF No. 34.) However, plaintiff only seeks reimbursement for 60 hours of attorney work. Upon a

review of the time records, defendant's arguments that plaintiff is not entitled to recover fees for (1) the hours worked after the defendant offered to remand; (2) any clerical work; and (3) work on reply papers before the defendant filed any opposition are irrelevant. Even eliminating all the disputed hours, the hours billed would still total over 60 hours. Accordingly, the real issue is whether 60 hours is a reasonable number of hours to bill, given the facts of this particular case.

The reasonableness of an attorney's fee award is left to the discretion of the district court. Harris v. Astrue, 701 F. Supp. 2d 410, 412–13 (E.D.N.Y. 2010) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Here, plaintiff's attorney represented her at the administrative level so was familiar with the record, the case did not raise any complex legal or factual issues, and the administrative record was shorter than average. Accordingly, the Court concludes that 40 hours at the applicable rate of $206.56 is an appropriate award.[1] Plaintiff is thus entitled to $8,262.40 in attorney's fees under the EAJA.

In addition, plaintiff has provided records substantiating the requested amount of $383.95 in electronic research fees. (See Delott Decl., Ex. D, ECF No. 34-4.) However, as defendant points out, plaintiff is not entitled to recover the $400 filing fee because the Court granted plaintiff's in forma pauperis application and waived the filing fee. (See Electronic Order dated 5/2/2017.) Plaintiff is thus entitled to $383.95 in expenses under the EAJA, for a total EAJA award of $8,626.35.

**SO ORDERED.**

Dated: May 22, 2019
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Counsel for plaintiff indicates that the present hourly rate for EAJA fees in this metro area is $206.56, and the defendant does not contest the reasonableness of this rate for this case. (Delott Decl., ECF No. 34 ¶¶ 25–26.)